UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ANTHONY RICHARD HINDS,
                    *Plaintiff-Appellee,*

            v.

STEPHANIE MOHR, Police Officer,
Corporal, Prince George's County
Police Department; MICHAEL
MARGULIS, Police Officer, Corporal,
Prince George's County Police
Department; THOMAS HART, Police      ⎬    No. 02-6320
Officer, Prince George's County
Police Department; NALESNIK, Police
Officer, Corporal, Prince George's
County Police Department; DAVID
HINDS, Police Officer, Corporal,
Prince George's County Police
Department,
                    *Defendants-Appellants.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-00-2182-AW)

Argued: October 30, 2002

Decided: January 21, 2003

Before WILKINSON, Chief Judge, GREGORY, Circuit Judge,
and Frank J. MAGILL, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

Dismissed in part and reversed in part by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Laura Jean Gwinn, Upper Marlboro, Maryland, for Appellants. John F. Mercer, SOLOMON & MARTIN, Greenbelt, Maryland, for Appellee. **ON BRIEF:** Leonard L. Lucchi, County Attorney, John A. Bielec, Deputy County Attorney, Upper Marlboro, Maryland, for Appellants.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Plaintiff Anthony Hinds brought suit under 42 U.S.C. § 1983 against a group of police officers who apprehended him following a prolonged chase. He alleges that the officers set a police dog on him while he was fully under their control. Defendants moved for summary judgment, but the district court denied the motion. The defendants now appeal.

I.

Because this appeal arises from a motion for summary judgment, the following facts are presented in the light most favorable to the plaintiff as the non-moving party. All factual disputes are resolved in plaintiff's favor.

On July 28, 1997, at approximately 4:00 a.m., Corporal Michael Margulis was on routine patrol when he observed Officer Thomas

Hart and Corporal David Hinds ("Corporal Hinds") stopped with two civilians, including plaintiff Anthony Richard Hinds ("Hinds"). When Margulis approached, Hinds fled, and the police officers gave chase. Margulis caught up with Hinds when he fell at one point during the chase, but Hinds managed to free himself after a brief struggle and ran away again. Shortly thereafter, Margulis again caught up with Hinds. This time, Margulis pulled out his service weapon and pointed it at Hinds, ordering him to stop running. He also hit Hinds in the face with his gun. Another scuffle ensued, after which Hinds again slipped away from Margulis and continued to flee.

At some point during the chase, Hart saw Hinds holding a gun. Shortly thereafter, Margulis saw Hinds make a throwing motion and heard the sound of metal hitting metal. A gun was later recovered in the general area where Margulis heard the noise.

Hinds then jumped over a fence. Margulis reached over as he did so and grabbed Hinds by his T-shirt. They struggled once again, and Margulis struck Hinds with his flashlight. Hinds got away again, ripping out of his T-shirt and leaving Margulis holding the shirt in his hands. At this point, Margulis called for backup and a K-9 (canine) unit. The K-9 handler, Corporal Stephanie Mohr, tracked Hinds to his hiding place with the assistance of her dog. Corporal Nalesnik was present during this stage of the apprehension, but did not participate other than shouting at Hinds to stop running.

When she saw Hinds, Mohr ordered him to surrender himself or the dog would attack him. She then set the dog on him. When the dog attacked Hinds, he was wearing only shorts. It was visible to the officers that he did not have a weapon. Hinds seized the dog by its throat after it began to maul him. The officers ordered Hinds to place his hands behind his back, but he did not obey their commands. Hinds was repeatedly bitten in the front and back of his upper body and down to the legs, suffering injuries for which he was later taken to the hospital and put on antibiotics. While this was happening, the five police officers stood around Hinds, observing the attack but taking no action to restrain the dog. Later during the dog attack, Margulis sprayed Hinds in the face with pepper spray.

Hinds filed a lawsuit pro se in July 2000, although he is now represented by counsel. He alleged that Mohr, Margulis, Hart, Nalesnik,

and Corporal Hinds violated his constitutional rights by using excessive force in violation of the Fourth Amendment. Discovery requests were sent to Hinds in October 2001, but he did not receive them because he was being transferred from one federal prison to another. Defendants' subsequent motion to compel was denied by the district court on the grounds that defense counsel did not contact the incarcerated Hinds in an effort to resolve the discovery dispute. Defendants then filed a motion for summary judgment, supporting it with excerpts from the transcript of Hinds's trial on federal firearms charges. *See* 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). Hinds filed no response to the motion. The district court denied the motion.

## II.

Plaintiff contends that Mohr unleashed a savage dog attack on a compliant, unarmed, and unresisting suspect and did so for the sole purpose of inflicting pain on him in retaliation for his previous efforts to evade capture. Mohr in turn contends that she exerted force only to the extent necessary to restrain a violent suspect who was resisting arrest to the point of choking the police dog.

These are very different and irreconcilable accounts of the events of that night. At this stage in the proceedings, there has been no time for the district judge to develop the record or apply either the Supreme Court's decision in *Saucier v. Katz*, 533 U.S. 194 (2001), or our own decision in *Kopf v. Wing*, 942 F.2d 265 (4th Cir. 1991). As a result, the appeal as to Mohr must be dismissed under *Johnson v. Jones*, 515 U.S. 304 (1995) (holding that § 1983 defendants may not immediately appeal a district court's determination that the record presents a genuine issue of material fact). The claims against Mohr must be the subject of further proceedings in district court and, in all probability, a trial.

In contrast to his claims against Mohr, plaintiff's other claims present no triable issue. To begin with, the actions of the other defendants during the chase itself were unexceptionable. Before cornering Hinds with the K-9 unit's assistance, they took reasonable measures in an effort to apprehend an armed and fleeing suspect who had physically resisted arrest on not one, but several occasions. Even when

Hinds was finally cornered, there is no claim that Margulis, Hart, Nalesnik, or Corporal Hinds exercised authority over the canine. The dog was at all times under the control of Mohr. Plaintiff does not contend that the remaining defendants possessed by virtue of their positions or their training any ability to restrain the dog while it was under Mohr's command. And because "police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation," courts must afford them a measure of deference in their on-the-scene assessments about the application of force to subdue a fleeing or resisting suspect. *Saucier*, 533 U.S. at 205 (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)).

For the foregoing reasons, the appeal of Stephanie Mohr is dismissed. With respect to the other defendants, the judgment is reversed and the case remanded with directions to enter judgment in their favor.

*DISMISSED IN PART AND REVERSED IN PART*